﻿Citation Nr: AXXXXXXXX
Decision Date: 02/13/19 Archive Date: 02/13/19

DOCKET NO. 181212-1253
DATE: February 13, 2019

ORDER

Service connection for hearing loss is denied.

 

FINDING OF FACT

The Veteran’s hearing loss was not incurred in or caused by service.

CONCLUSION OF LAW

The criteria for service connection for hearing loss have not been met. 38 U.S.C. §§ 1110, 1154(b); 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.385.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from October 1965 to September 1968.

The Veteran selected the Supplemental Claim lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). In addition, the September 2018 RAMP decision found that new and relevant evidence was submitted to warrant re-adjudicating the claim for service connection for hearing loss. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

The Board notes that, in January 2013, the Veteran filed a timely notice of disagreement (NOD) in regard to the denial of service connection for back and skin disorders by a December 2012 rating decision. In January 2016, the RO issued a statement of the case (SOC) denying these claims. However, the Veteran called the RO in September 2016 and March 2018 to check on the status of these claims. As it appears the Veteran did not receive the January 2016 SOC, the RO has been directed to reissue the SOC.

The Board has limited the discussion below to the relevant evidence required to support its finding of fact and conclusion of law, as well as to the specific contentions regarding the case as raised directly by the Veteran and those reasonably raised by the record. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015); Robinson v. Peake, 21 Vet. App. 545, 552 (2008).

Service connection for hearing loss.

Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303. A veteran seeking compensation under these provisions must establish three elements: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies 500, 1000, 2000, 3000, 4000 Hertz is 40 decibels or greater; or when the auditory thresholds for at least three of the frequencies 500, 1000, 2000, 3000, 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385.

Facts and Analysis

The Veteran contends that he has hearing loss due to his military service. In this regard, in a March 2014 correspondence, he reported serving in Vietnam for 17 months and that during this service he was exposed to constant noise from 50 caliber machinegun and mortar rounds without hearing protection. He also reported noticing ringing in his ears after discharge from service and regularly failing hearing tests at work. He further reported being unable to hear his wife and television at normal volume levels. Thereafter, in a July 2014 statement, the Veteran reported that service members did not report hearing loss during service and that he guarded pipelines that were under attack during the Tet Offensive. 

The Veteran’s service personnel records (SPRs) show that he served in Vietnam and was awarded with a Commendation Medal with “V” Device for service in combat. His service treatment records (STRs) include a September 1965 entrance examination during which the Veteran’s ears were found to be normal. The Board notes that during the late 1960s when the Veteran served, two measurements were used to test hearing loss, the American Standards Association (ASA) standards and International Standards Organization-American National Standards Institute (ISO-ANSI). If the type of test is not indicated, it is assumed that the results are ASA prior to 1969, and ISO-ANSI from 1969 and later. The September 1965 audiometric testing showed pure tone thresholds, in decibels, as follows:

September 1965 HERTZ

 500 1000 2000 3000 4000

RIGHT 5 0 5 N/A 0

LEFT 0 0 0 N/A 0

However, since the Veteran’s entrance examination does not indicate the type of testing performed, conversion to the currently-used ISO-ANSI measurements is necessary. Such conversion shows pure tone thresholds, in decibels, as follows:

Converted HERTZ

 500 1000 2000 3000 4000

RIGHT 20 10 15 N/A 5

LEFT 15 10 10 N/A 5

The Veteran’s STRs also include a September 1968 separation examination. His ears were marked normal and there are no notes or reports of hearing impairment. The September 1968 audiometric testing showed pure tone thresholds, in decibels, as follows:

September 1968 HERTZ

 500 1000 2000 3000 4000

RIGHT 5 0 5 N/A 0

LEFT 0 0 0 N/A 0

 

These results converted to pure tone thresholds, in decibels, as follows:

Converted HERTZ

 500 1000 2000 3000 4000

RIGHT 20 10 15 N/A 5

LEFT 15 10 10 N/A 5

The Veteran’s post-service VA treatment records include treatment for hearing loss. In this regard, during treatment in January 2014, the Veteran reported noise exposure during combat service in Vietnam and experiencing hearing loss during service that has progressively worsened since separation from service. In February 2014, the Veteran was fitted for hearing aids. Thereafter, during VA treatment in February 2015, he reported having hearing problems for a long time.

The Veteran was afforded a VA examination in regard to this claim in July 2014. He reported no pre-service noise exposure and being exposed to 50 caliber machinegun and mortar fire during service in Vietnam. The Veteran also reported post-service employment at a factory for 40 years with use of hearing protection when necessary. He stated that he worked in a quiet area for the first 20 years of his employment at the factory. He further stated that he was exposed to limited hunting with shotguns. The examiner diagnosed him with bilateral sensorineural hearing loss and tinnitus. He attributed the Veteran’s tinnitus to in-service acoustic trauma. However, he did not find that the Veteran’s hearing loss is at least as likely as not caused by or a result of his service or military noise exposure. The examiner explained that the Veteran’s hearing thresholds at entrance to service and separation from service were within normal limits. The examiner also explained that relevant research shows that noise induced hearing loss will not progress once it is stopped. Thus, he concluded that the Veteran’s current hearing loss is less likely than not related to military noise exposure.

As the favorable findings noted in the September 2018 decision, in-service noise exposure during combat service is established. See 38 U.S.C. § 1154(b); 38 C.F.R. § 3.304(d). Additionally, current hearing impairment for VA purposes is shown. See 38 C.F.R. § 3.385. The claim turns on the nexus element.

The Board finds that the Veteran’s hearing loss is not caused by or otherwise related to his military service. In this regard, the July 2014 VA examiner’s findings and opinion are clear and unequivocal and are based on the relevant information, including the Veteran’s statements, SPRs, STRs, and post-service medical records. In addition, the examiner’s explanation is logical and follows from the facts and information given. See Monzingo v. Shinseki, 26 Vet. App. 97, 105-06 (2012); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). Thus, his conclusion that the Veteran’s hearing loss is less likely than not caused by, or incurred in, service is highly persuasive and probative evidence. Moreover, the examiner explained that the Veteran’s STRs show his hearing was normal during service and cited to medical research that indicates hearing loss does not progress after it has stopped.

While the Veteran believes that his hearing loss is related to service, this is a complex medical question outside the competence of a non-medical expert to determine whether such a cause-and-effect relationship exists in this particular case. This nexus question involves complex medical matters requiring expert consideration of the nature of the Veteran’s in-service symptoms, his post-service symptomatology, and the medical significance of these factors in the context of his current hearing loss. These medical questions cannot be considered within the competence of a non-expert lay witness. Thus, the Veteran, as a lay person, has not established the competence needed to rebut the expert medical opinion. See Fountain v. McDonald, 27 Vet. App. 258, 274-75; Monzingo, 26 Vet. App. at 106. 

The Veteran’s representative indicated in a December 2018 statement that the July 2014 VA examiner did not address the Veteran’s in-service acoustic trauma. However, the Board finds that the VA examiner expressly considered the Veteran’s established in-service exposure to loud noise. In this regard, the VA examiner also considered the Veteran’s in-service acoustic trauma and attributed his tinnitus to such. The examiner also considered the Veteran’s noise exposure in the context of his hearing loss claim and explained why he found that it is less likely than not related to his in-service noise exposure.

Accordingly, the Board finds that the preponderance of the evidence shows that the Veteran’s hearing loss is not related to service. Therefore, the benefit-of-the-doubt doctrine is not applicable and service connection for hearing loss is not warranted. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

RYAN T. KESSEL

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD D. Jimerfield, Associate Counsel